FILED
2026 Sep-01 AM 09:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **TALAL GONDAL; MARIAM CAPITAL VENTURES, LLC; and GIG RESIDENTIAL INVESTMENTS, LLC,** | } | |
| **Plaintiffs,** | } | **Case No. 2:25-cv-01570-MHH** |
| **v.** | } | |
| **SULTHAN MOHAMMAD; MUSA APPA, LLC; HYATT HOLDINGS, LLC,** | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

Plaintiffs Talal Gondal, Mariam Capital Ventures, LLC, and GiG Residential Investments, LLC, have sued Suthan Mohammad, Musa Appa, LLC, and Hyatt Holdings, LLC. (Doc. 1).[1] Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Mr. Mohammad has moved to dismiss Mr. Gondal's claims for lack of subject matter jurisdiction. For the reasons discussed below, the Court grants Mr. Mohammad's motion and dismisses Mr. Gondal's claims without prejudice.

[1] Mr. Gondal, through GiG Holdings, LLC, is the sole member of GiG Residential and Mariam. (Doc. 1, ¶¶ 1–6). Accordingly, the Court refers to the plaintiffs collectively as Mr. Gondal. Mr. Mohammad is the sole member of Musa and Hyatt. (Doc. 1, ¶¶ 7–14). Accordingly, the Court refers to the defendants collectively as Mr. Mohammad.

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party invoking federal jurisdiction "bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

Mr. Gondal invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332(a). Under § 1332(a) a district court has subject matter jurisdiction over a plaintiff's state law claims when the amount in controversy exceeds $75,000, and there is complete diversity of citizenship, meaning that the plaintiffs are not citizens of the states in which the defendants are citizens. 28 U.S.C. § 1332(a); *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994).

Mr. Gondal alleges that more than $75,000 is in controversy, (Doc. 1, p. 5, ¶ 27). Mr. Mohammad does not challenge this allegation. Therefore, the amount in controversy component of diversity jurisdiction is satisfied.

As to citizenship, Mr. Gondal alleges that he and his companies are citizens of Alabama. (Doc. 1, p. 15, ¶¶ 1–6). Mr. Gondal alleges that Mr. Mohammad is a citizen of Texas and that Mr. Mohammad's LLCs likewise are citizens of Texas

because Mr. Mohammad is the only member of the LLCs. (Doc. 1, p. 5, ¶¶ 24–26).[2] Therefore, Mr. Gondal contends that the diversity of citizenship component of diversity jurisdiction also is satisfied. Mr. Mohammad disagrees. He contends that Mr. Gondal actually is a citizen of Texas so that he and Mr. Gondal are citizens of the same state. (Doc. 7).

For purposes of diversity jurisdiction, an individual is a citizen of the state in which he is domiciled. *McCormick*, 293 F.3d at 1257. Mr. Gondal acknowledges that he was domiciled in Texas until June 2025. (Doc. 10, p. 2). To establish that he and Mr. Mohammad are citizens of different states, Mr. Gondal must prove by a preponderance of the evidence that his place of domicile changed from Texas to Alabama between June 2025 and September 12, 2025, the date on which Mr. Gondal filed his complaint in this action. (Doc. 1).

"A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom . . . .'" *McCormick*, 293 F.3d at 1257–58 (quoting *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)). Once established, a person's domicile continues until he acquires a new domicile. *See King v. Cessna Aircraft Co*., 505 F.3d 1160, 1171 (11th Cir. 2007). A change of domicile requires both physical

[2] A limited liability company is a citizen of every state in which its members are citizens. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

presence in the new location and an intention to remain there indefinitely. *McCormick*, 293 F.3d at 1258. To determine whether a party intends to remain in a state, district courts may consider evidence of "the location of real and personal property, business ownership, employment records, the location of bank accounts, payment of taxes, voter registration, vehicle registration, driver's license, membership in local organizations, and sworn statements of intent." *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021).

Mr. Gondal has been physically present in Alabama since June 2025, but he has not demonstrated an intent to remain in Alabama indefinitely. Mr. Gondal attests that he moved to Alabama in June 2025, and he intends to remain in Alabama indefinitely. (Doc. 10-1, p. 3, ¶ 6). Mr. Gondal owns investment properties in Alabama, (Doc. 10-1, p. 3, ¶ 11), and he maintains banking and utility accounts associated with an Alabama address, (Doc. 10-1, p. 3, ¶ 11; Doc. 10-1, pp. 8–12). Yet Mr. Gondal has not provided evidence that he has obtained an Alabama driver's license, registered vehicles in Alabama, registered to vote in Alabama, or otherwise acted to establish a permanent residence in Alabama. *See Smith*, 991 F.3d at 1149. Likewise, Mr. Gondal has not provided evidence that he has joined local

organizations, secured employment, or otherwise established community ties in Alabama. *See Smith*, 991 F.3d at 1149.[3]

Mr. Gondal maintains substantial ties to Texas. Mr. Gondal owns investment properties in Texas. (Doc. 10-1, p. 4, ¶ 18). Mr. Gondal has a Texas driver's license. (Doc. 7-7). One of Mr. Gondal's companies claimed a homestead tax exemption on a property located in Texas for the 2025 tax year. (Doc. 7-3). And, in August 2025, Mr. Gondal's wife told a process server that Mr. Gondal resided with her in Texas. (Doc. 7-2, p. 2).[4]

Accordingly, Mr. Gondal has not demonstrated by a preponderance of evidence that he established a domicile in Alabama before he filed this suit. Because Mr. Gondal has not met his burden to prove diversity of citizenship, the Court lacks subject matter jurisdiction over Mr. Gondal's claims. Therefore, the Court dismisses Mr. Gondal's claims without prejudice. The Clerk of Court shall please TERM Doc. 7 and close the file.

**DONE** and **ORDERED** this September 1, 2026.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

[3] Mr. Gondal attests that he intends to manage his investment properties while he lives in Alabama. (Doc. 10-1, p. 3, ¶ 11). Mr. Gondal's representation that he manages Alabama properties is undermined by his attestation that he employs others to manage his investment properties. (*See* Doc. 10-1, p. 3, ¶ 12).

[4] Mr. Gondal attests that he is separated from his wife. (Doc. 10-1, pp. 4–5, ¶¶ 19, 20).